1   Paul L. Hoffman, SBN 71244
    Catherine Sweetser, SBN 271142
2   Schonbrun Seplow
    Harris & Hoffman LLP
3   723 Ocean Front Walk
    Venice, California 90291
4   Telephone: (310) 396-0731
    Fax: (310) 399-7040
5
    Attorneys for Plaintiff
6   Nolan Lewis

7

8

9              **UNITED STATES DISTRICT COURT**

10         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11

12  NOLAN LEWIS, an individual,          )   CASE NO: 15-cv-08756-JFW-Ex
                                         )
13                      Plaintiff,       )   **SECOND AMENDED**
                                         )   **COMPLAINT**
14  v.                                   )
                                         )   FIRST CLAIM FOR RELIEF
15  WILLIAM MOSSBROOKS, CHAD             )   VIOLATION OF THE PRIVACY
    JOY, MABEL DEA, DAVID                )   ACT
16  SHULKIN, in his official capacity as )
    Secretary of Veteran's Affairs; THE  )   SECOND CLAIM FOR RELIEF
17  DEPARTMENT OF VETERAN'S              )   FOURTH AMENDMENT
    AFFAIRS, a public entity AND DOES    )   VIOLATION: FALSE ARREST
18  1 - 10, and THE UNITED STATES        )
    OF AMERICA                           )   THIRD CLAIM FOR RELIEF
19                                       )   FOURTH AMENDMENT
                        Defendants.      )   VIOLATION: UNREASONABLE
20                                       )   AND EXCESSIVE USE OF FORCE
                                         )
21                                       )   FOURTH CLAIM FOR RELIEF
                                         )   VIOLATION OF FOURTH AND
22                                       )   FIFTH AMENDMENT RIGHTS:
                                         )   MALICIOUS PROSECUTION
23                                       )
                                         )   FIFTH CLAIM FOR RELIEF
24                                       )   VIOLATION OF FIFTH
                                         )   AMENDMENT RIGHTS: ABUSE OF
25                                       )   PROCESS
                                         )
26                                       )   SIXTH CLAIM FOR RELIEF
                                         )   [VIOLATION OF THE
27                                       )   REHABILITATION ACT OF 1973]
                                         )
28  _____     )   SEVENTH CLAIM FOR RELIEF
                                         )   [CAL. CIVIL CODE §52.1]

_____
              SECOND AMENDED COMPLAINT FOR DAMAGES

1

2  EIGHTH CLAIM FOR RELIEF
   [INTENTIONAL INFLICTION OF
3  EMOTIONAL DISTRESS]

4  NINTH CLAIM FOR RELIEF
   [NEGLIGENCE]
5
   TENTH CLAIM FOR RELIEF
6  [ASSAULT AND BATTERY]

7  ELEVENTH CLAIM FOR RELIEF
   [FALSE ARREST AND
8  IMPRIONMENT]

9  TWELFTH CLAIM FOR RELIEF
   [MALICIOUS
10 PROSECUTION/ABUSE OF
   PROCESS]
11
   DEMAND FOR JURY TRIAL
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT FOR DAMAGES

1

**INTRODUCTION**

2      1.      This case involves wrongful detention, false arrest, excessive force,

3 malicious prosecution, discrimination and other wrongful and negligent acts

4 against Mr. Nolan Lewis ('Plaintiff') by agents and officials of the country he

5 served during the Vietnam War.  Although the Veteran's Administration ("VA")

6 diagnosed Plaintiff as suffering from service-connected PTSD, the VA denied him

7 medical care for more than 30 years.  In 2004, the VA classified Plaintiff 100

8 percent disabled due to service connected P.T.S.D arising from infantry combat

9 duty in Vietnam.  From 2004 to 2011, Plaintiff received treatment from the medical

10 facility in Austin, Texas.  From 2012 to present, Plaintiff has received treatment at

11 the Long Beach VA Medical Center.

12      2.      In April 2014, VA agents subjected Plaintiff to an hours-long

13 discriminatory and inhumane interrogation.  Agents conducted this interrogation

14 without justification or prior consideration of Plaintiff 's well documented

15 disabilities.  As a result of the interrogation and misrepresentations made by

16 defendants, the Los Angeles District Attorney erroneously charged Plaintiff with

17 criminal misconduct (making "terrorist threats").  At an August 21, 2014

18 preliminary hearing on that charge, the Honorable Arthur Jean Jr. of the Los

19 Angeles Superior Court found that even on the prosecution's best evidence,

20 Plaintiff committed no crime.  Judge Jean Jr. dismissed the charges against

21 Plaintiff.

22      3.      Instead of accepting this judgment, the next day VA police officers

23 and the prosecutor reinstituted the same charges without cause and added a false

24 charge of witness intimidation.  Defendants maliciously waited until the following

25 Thursday afternoon before Labor Day weekend when they knew Plaintiff was

26 coming to the VA for medical treatment, and held Plaintiff at the Long Beach VA

27 until after normal business hours, to arrest Plaintiff.  They did so for the improper

28 purpose of ensuring he would suffer in jail over the long weekend.  Instead of

1

**SECOND AMENDED COMPLAINT FOR DAMAGES**

1   supporting Plaintiff and respecting the sacrifice he made for his country, the VA

2   and its agents and officials have made his life a nightmare all over again.  This

3   action seeks to right these wrongs.

4   **JURISDICTION AND VENUE**

5   4.     This case arises under 5 U.S.C. § 552a of the Privacy Act of 1974; 42

6   U.S.C. § 1983 and the Fourth and Fifth Amendments of the U.S. Constitution;

7   §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 et seq, and the Federal Tort

8   Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680.  This Court has subject

9   matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.  This

10  Court has jurisdiction over Plaintiff's Privacy Act claims under 5 U.S.C. §

11  552a(g)(1)(D) and (5).  Plaintiff filed an administrative claim under the FT CA on

12  or about October 14, 2015.  This claim was denied on or about May 27, 2016,

13  enabling Plaintiff to bring his FTCA claims in this Court.

14  5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and

15  (e) in that the unlawful actions challenged herein occurred in the Central District.

16  Venue is proper in this District over Plaintiff's Privacy Act claims pursuant to 5

17  U.S.C. §a(g)(5).

18  **PARTIES**

19  6.     Plaintiff Nolan Lewis brings this action individually.  After attending

20  Narbonne High School and Los Angeles City Harbor Junior College, Plaintiff was

21  drafted to serve in the United States Army and deployed to Vietnam during the

22  Vietnam War.  He served in active combat from 1971 to 1972 with the 101st

23  Airborne Division and the 1st Air Cavalry.  For his multiple air assaults and

24  outstanding combat service, Plaintiff was awarded, *inter alia*, a bronze star, a

25  Combat Infantry Badge, a National Defense Service Medal, a Vietnam Service

26  Medal, and a Vietnam Campaign Medal with 60 device.

27  7.     After Plaintiff returned from combat in 1972, he was diagnosed with

28  PTSD and Agent Orange exposure during his service in Vietnam.  Although he

SECOND AMENDED COMPLAINT FOR DAMAGES

1   attempted to obtain services from the VA many times, it was not until 2004 that the
2   VA began to provide him with the medical and psychological services he depends
3   on to function.  Plaintiff is 100 percent disabled due to his service and receives all
4   of his medical, dental, and mental health care at the VA's Long Beach Medical
5   Center ("VALB").

6       8.      Defendants William Mossbrooks and Chad Joy are law enforcement
7   officers for the Veteran's Administration Police Department ("VAPD"): a detective
8   and special agent for the Office of the Inspector General (OIG), respectively.  At
9   all times material hereto Defendants were acting under the color of federal
10  authority.  They are sued in their individual capacities.

11      9.      Mabel Dea works in the Pharmacy at the VALB.  She is sued in her
12  individual capacity as the complaining witness who provided false information to
13  VA officials and the District Attorney's office, leading to Plaintiff's arrest and
14  prosecution.  She is not sued based on any in-court testimony she has given in this
15  matter.

16      10.     The VA is the federal agency responsible for providing care for our
17  Nation's veterans.   The VA is sued only on Plaintiff's claims under the Privacy
18  Act.

19      11.     David Shulkin  is the current Secretary of the VA.  He is in charge of
20  implementing all VA policies and regulations.  Defendant Shulkin is sued in his
21  official capacity for injunctive relief, to ensure those policies are implemented
22  properly in the future and that VA operations in Long Beach comply with the
23  constitutional rights of their patients.  David Shulkin is also sued on Plaintiff's
24  claims for damages under the Rehabilitation Act of 1973.

25      12.     The United States is sued pursuant to 28 U.S.C. §§ 1346(b) and 2671-
26  2680 which provides for actions to be brought against the United States for the
27  negligent and wrongful acts of federal employees taken within the scope of their
28

SECOND AMENDED COMPLAINT FOR DAMAGES

1  office or employment, including violations of applicable state law by such

2  employees.

3      13.   Plaintiff is informed, believes, and thereon alleges that at all relevant

4  times, defendants DOES 1-10 were responsible for some or all of the acts

5  complained of herein.  Plaintiff is ignorant of the true identities and capacities of

6  defendants DOES 1-10.  For that reason, he sues those defendants by such

7  fictitious names.  Plaintiff is informed, believes, and thereon alleges that each

8  fictitiously named defendant is in some manner and to some extent liable for the

9  injuries this complaint alleges.  Plaintiff will seek leave to amend this complaint to

10  allege the true identities and capacities of these fictitiously named defendants when

11  they are ascertained.

12      14.   Plaintiff is informed, believes, and thereon alleges that each defendant

13  is, and at all times mentioned was, the agent, employee, representative, successor,

14  and/or assignee of each other defendant.  In performing the acts or omissions this

15  complaint alleges, each defendant acted within the scope of his or her actual or

16  apparent authority.  Alternatively, each defendant-principal ratified and adopted

17  the acts or omissions of each defendant-agent.  The defendant officers, including

18  those involved in the obstruction of justice, engaged in a conspiracy to violate

19  Plaintiff's constitutional rights and acted as co-conspirators with this aim in mind.

20      15.   All individual defendants acted under the color of state or federal law

21  at all times relevant to the allegations herein, and are sued in both their individual

22  capacities unless otherwise specified.

23      16.   In committing the acts this complaint alleges, the individual

24  defendants acted knowingly, maliciously, and with reckless or callous disregard for

25  Plaintiff 's constitutional and other rights, justifying an award of punitive damages

26  against each individual defendant.

27

28          **<u>STATEMENT OF FACTS</u>**

SECOND AMENDED COMPLAINT FOR DAMAGES

17.     Plaintiff's ordeal began on April 9, 2014.  Plaintiff called the VA Pharmacy in Long Beach in an attempt to refill his PTSD medications, without which he is unable to function.  An unidentified employee at the Pharmacy hung up on him twice without addressing what Plaintiff viewed as a medical emergency.  Finally, he was able to speak to Defendant Mabel Dea, a clinical pharmacist.  Defendant Dea was helpful and indicated she would make sure his medications were available the following day.  Plaintiff complained to Defendant Dea about the poor service he had received from the pharmacy, including that he had been hung up on multiple times.  Plaintiff said nothing to Defendant Dea that any responsible person could possibly construe as a threat against anyone.  Plaintiff was complaining about the rude and unhelpful treatment he received before he spoke to Defendant Dea.

18.     The following day, Plaintiff went to the VALB, without incident, to pick up his critical medications from the pharmacy.   Unbeknownst to him, Defendant Dea had falsely reported to her supervisor, most of her co-workers in the Pharmacy, and the VA Police that Plaintiff had threatened his VA doctor, Dr. Merchant.

19.     When Plaintiff returned to his home in Lomita that afternoon, he found a business card left by Special Agent Chad Joy ("Defendant Joy"), of the VA's Office of the Inspector General ("OIG").  Defendant's Joy's cell phone number was scrawled on the card.  Plaintiff immediately called Defendant Joy, who told Plaintiff he would like to visit him the following day to interview him about an incident that had occurred in his neighborhood.  Defendant Joy did not provide additional details about the incident, but Plaintiff immediately agreed to meet with him.

20.     About an hour and a half later, Plaintiff was startled by a loud knock at his door.  When he looked through the door window, he saw Defendant Joy and Detective William Mossbrooks ("Defendant Mossbrooks").  Plaintiff went outside

SECOND AMENDED COMPLAINT FOR DAMAGES

to talk to the officers on his porch.  Defendant Joy stated he was a Special Agent with the OIG.  His badge was on his belt.  Defendant Mossbrooks stated he was an FBI Agent.  Plaintiff thought Defendant Mossbrooks looked more like a drug dealer, as he had shaggy hair  and a T-Shirt and wore faded jeans and dirty tennis shoes.  Becoming scared, Plaintiff asked Defendant Mossbrooks to show him proof of identification.  Mosbrooks pulled a badge from his pocket.  Plaintiff looked and saw the letter, "FBI."  After a few more minutes of Mossbrook's foul language and rude behavior, believing Mossbrook could not possibly be an FBI agent, Plaintiff requested a second time and in fact saw the letters, "FBI."  After a short period of time, neighbors began exiting their homes to see what was happening on Plaintiff 's porch.  As more and more people began to crane their necks to see what was going on, Defendant Joy stated he was satisfied with the information Plaintiff provided them and told Plaintiff the interview would be over on one condition: That the officers could do a quick search of Plaintiff's home to ensure he had no weapons. Plaintiff did not want to grant the officers entry into his home, but they ultimately prevailed on him to let them in.  He allowed the two men to come into his home with specific permission only to search for weapons, even though they did not have a warrant.

21.   The officers asked Plaintiff if he had any guns, and he replied that he did not.  They asked to search his home for guns, and he consented to a search for that limited purpose.  Defendant Mossbrooks then conducted a search that went far beyond the consent Plaintiff had given.  Mossbrooks also went through Plaintiff's papers, Samsung tablet and cell phone.

22.   Once inside his house Defendants Mossbrooks and Joy questioned Plaintiff in an aggressive and intimidating manner designed to exacerbate his PTSD symptoms. They claimed Plaintiff has made "a threatening phone call" to a VA employee and insisted they would would leave him alone only if he admitted to making this call. Defendants Mossbrooks and Joy warned that they would

SECOND AMENDED COMPLAINT FOR DAMAGES

arrange for Plaintiff to be detained in jail over a weekend if he did not admit he made the call.  Mossbrooks accused him of lying about the call he made to the pharmacy.  As Defendants badgered Plaintiff, he suffered increasing symptoms of PTSD.  The physically imposing Defendant Mossbrooks directed epithets, curses, and other threatening and demeaning language at Plaintiff in an effort to intimidate him.   Pacing and lunging repeatedly at Plaintiff physically, Mossbrooks called Plaintiff a "fuckin' liar," a "fuckin' asshole," a "piece of shit," and "one of those Vietnam baby killers."  Mossbrooks  not only mocked Plaintiff's military service but also his religion.  Upon finding Plaintiff's PTSD medications Mossbrooks said, "You take all these meds, you're a fuckin' pill head."  Highly agitated,   Defendant Mossbrooks stated that he and Special Agent Joy had taken separate cars to Plaintiff's home, and that if Plaintiff did not confess, Detective Mossbrooks would take him to a place where he could beat the Plaintiff without anyone knowing.  Plaintiff refused to admit to something he had not done and he repeatedly asked the officers to stop terrifying him.  Plaintiff was frightened and upset by the manner in which Joy and Mossbrooks conducted themselves and he felt he was in physical danger.  As a result of defendant Joy and Mossbrooks's actions, Plaintiff suffered from extreme emotional distress causing his PTSD symptoms to skyrocket.

23.    Defendants Mossbrooks and Joy detained Plaintiff in his home against his will.  They interrogated him for approximately three hours and refused to stop even when Plaintiff asked.  They had no arrest or search warrant, and the search they conducted of Plaintiff 's home far exceeded the scope of his consent, which was limited to a search for weapons he did not possess.  Throughout all of this, Defendants Mossbrooks and Joy were well aware that Plaintiff had been diagnosed with PTSD and that his military service had left him 100 percent disabled.  In fact, their techniques were intentionally designed to exacerbate Plaintiff's PTSD symptoms, and they did so.

SECOND AMENDED COMPLAINT FOR DAMAGES

24.     The following day, Defendants Mossbrooks and Joy returned to Plaintiff's home.  Additional unidentified officers and multiple Los Angeles County Sheriff's Department deputies accompanied them.  The officers intended to arrest Plaintiff based upon a warrant they obtained, falsely accusing Plaintiff of having made a threatening phone call to Defendant Dea and stealing drugs from the VA pharmacy.  When Plaintiff opened his door to the officers, Defendant Mossbrooks pushed him to the floor.  Kneeling over him, Defendant Mossbrooks handcuffed and arrested Plaintiff.  Defendant Mossbrooks had no basis for throwing Plaintiff to the floor, as he was fully cooperative and posed no threat to the officers.  At no point did Plaintiff resist being arrested or handcuffed.  Plaintiff specifically asked if he could take his critical psychiatric medications, but Defendant Mossbrooks refused to let him take the medications there or take them with him to jail.

25.     Officers took Plaintiff to the jail at the Long Beach Police Department, but jail authorities refused to admit him because his blood pressure was significantly elevated.  This was due to the fact that Defendants terrified Plaintiff's PTSD mental condition with their behavior, and that someone was falsely accusing Plaintiff of a crime.  Officers then took Plaintiff to the VALB hospital to stabilize his blood pressure.  By the time he got there, his blood pressure was still elevated but not life threatening.  Plaintiff asked a VA emergency room doctor for at least one dose of his daily critical psychiatric medication because he had not taken it yet that day, but the doctor refused.  His VA doctors had cautioned Plaintiff that he should never stop taking his psychiatric medications abruptly because it could be life threatening.  This caused Plaintiff even more anxiety.

26.     Officers took Plaintiff to the Twin Towers Correctional Facility in Downtown Los Angeles, where an intake team booked and admitted him.  There, Plaintiff repeatedly asked to see a doctor, and for access to his psychiatric

SECOND AMENDED COMPLAINT FOR DAMAGES

1  medications.   Despite these requests, no doctor or other medical professional

2  visited Plaintiff during his detention.  Nor did anyone give Plaintiff his medications

3  for PTSD or his other numerous medical problems.  Without his critical psychiatric

4  medications, Plaintiff suffered severe anxiety, nausea, diarrhea, dehydration,

5  vomiting, and severe cluster type migraine headaches due to his PTSD and other

6  medical conditions.  Plaintiff was unable to sleep the entire time he was detained

7  because,  without his critical Psychiatric medications, Plaintiff cannot sleep.  This

8  is documented in Plaintiff's VA medical records.

9       27.    On Sunday, Plaintiff's sister was able to post bail for Plaintiff, at great

10  expense, to end his ordeal and give him access to the medications he so desperately

11  needed.  Though the medications tempered his symptoms, Plaintiff began to suffer

12  PTSD and other medical symptoms to a greater degree and with more frequency

13  than he did before the above-described ordeal.

14       28.    These false charges forced Plaintiff to hire a lawyer and pay that

15  lawyer a substantial fee.  At all times Plaintiff denied that he had engaged in any

16  wrongdoing whatsoever.

17       29.    On August 21, 2014, the Honorable Arthur Jean Jr. held a preliminary

18  hearing in Los Angeles Superior Court in Long Beach to determine whether

19  Plaintiff should stand trial for making "terrorist" threats under Penal Code §

20  422(a).  After hearing the testimony of Defendant Dea - the pharmacist who had

21  assisted Plaintiff on April 9, 2014 - concerning the statements Plaintiff allegedly

22  made, Judge Jean dismissed the charges.  According to Judge Jean, Plaintiff's

23  alleged words did not amount to a "terrorist" threat, whether or not he said them.

24       30.    On his way out of the courtroom, Plaintiff passed a room where

25  witnesses for the prosecution sat.  He recognized his VA doctor in the room, but

26  made no gesture and said nothing to anyone in or near the room.  Plaintiff was

27  simply walking out of the courthouse.  As Plaintiff walked out, Defendant

28  Mossbrooks, ran after Plaintiff, unprovoked, got right behind him and in a very

9

SECOND AMENDED COMPLAINT FOR DAMAGES

1   threatening and angry tone said, "Don't stare at my witnesses. This ain't over. I'm

2   going to fucking get you."  Plaintiff did not respond to this statement and

3   continued walking out of the building.

4         31.    The next day, August 22, 2014, Defendants ramped up their campaign

5   against Plaintiff by refiling precisely the same "terrorist threat" charges, without

6   cause, that Judge Jean had dismissed the day before.  Only now, there was an

7   additional false charge of witness intimidation.  Defendants obtained an arrest

8   warrant on Friday August 22, 2014, but did not arrest Plaintiff until the following

9   Thursday afternoon, August 28, 2014.  They did this so Plaintiff would have to

10  spend the entire Labor Day weekend in detention, this time at the Long Beach

11  Police Department.

12        32.    Once again Plaintiff was denied access to critical medications and care

13  and, as a result, suffered the same agonizing symptoms of PTSD and his other

14  medical conditions as he did during his April, 2014 detention.  Once again, his

15  sister was forced to post bail over the weekend to end his ordeal.  In fact, because

16  of the witness intimidation charges, this time the amount of bail was dramatically

17  increased by an additional $100,000.00.  The additional false charge forced

18  Plaintiff to spend a substantial amount of additional money to continue to retain a

19  criminal lawyer to represent him in these renewed proceedings.  Defendants

20  Mossbrooks and Joy added this false witness intimidation charge with the intent

21  that Plaintiff not be able to post bail and would be forced to suffer a long period of

22  detention, up to six days without his critical psychiatric medicines – Thursday to

23  Tuesday – as they had threatened all along.

24        33.    Defendant Dea works as a pharmacist at the VALB.  She is the

25  pharmacist who helped Plaintiff obtain his needed medication in April 2014.  The

26  interaction between Plaintiff and Defendant Dea was pleasant, and Plaintiff did not

27  say one negative word toward Defendant Dea or anyone else.  However, he did

28  complain about the way her colleagues in the pharmacy had treated him, including

SECOND AMENDED COMPLAINT FOR DAMAGES

1   hanging up on him more than once and refusing to help him get his medications.

2   At no point did Plaintiff utter any words that any reasonable person could possibly

3   construe as a "threat" to Defendant Dea, Dr. Merchant, or anyone else.

4        34.    The VA has policies and procedures to identify veterans who may

5   pose a threat.  When a veteran is found to pose a threat, the VA puts a "Patient

6   Record Flag" ("PRF" or "flag") in their records.  All VA employees, including

7   pharmacists and VA police, can access these records electronically.  Unbeknownst

8   to Plaintiff, there was a flag in his file relating to a 2010 San Antonio, Texas

9   incident in which a VA employee claimed Plaintiff made a threat.   Kyle, Texas

10  police officers visited Plaintiff about this report and found Plaintiff posed no threat.

11  As far as Plaintiff was aware, the matter ended there and was assured that this was

12  the case by Walt Dannenberg, a VA supervisor.  In fact, Plaintiff's medical records

13  were flagged and the flag was never removed even though it was supposed to be

14  removed in 2012 by its own terms.  At the bottom of the flag was the admonition,

15  "This flag shall be removed August 2012."  Defendant Dea relied on this "flag" to

16  make the false claims against Plaintiff that led to his false arrest.

17       35.    The VA's behavioral flag policy specifically precludes any flag from

18  being used for law enforcement purposes.  The VA designed the flag procedure for

19  treatment purposes and requires VA personnel to go through a variety of steps with

20  safeguards for veterans.  Because none of those steps occurred in the context of the

21  2010 incident, the VA violated its own policies and procedures by letting the 2010

22  flag remain in Plaintiff's records.  No VA employee could believe the existence of

23  a flag justified making allegations of "terrorist" threats against a veteran patient at a

24  VA facility, and the VA's own policies specifically prohibited making allegations

25  on this basis.

26       36.    As a pharmacist, Defendant Dea had access to Plaintiff's medical and

27  psychological records, including the 2010 flag which remained on his records

28  improperly under the applicable directive.  Given her testimony at the preliminary

SECOND AMENDED COMPLAINT FOR DAMAGES

1    hearing in August 2014, it is apparent that Defendant Dea used Plaintiff's VA

2    records for a prohibited purpose and pretended Plaintiff made threatening

3    statements in 2014.  She provided knowingly false information to the VA law

4    enforcement officers and prosecutors, and caused Plaintiff's false arrest, malicious

5    prosecution, and injuries as described in this complaint.

6         37.    Defendants Joy and Mossbrooks also knew the information from

7    Plaintiff's 2010 flag, could not be used for law enforcement purposes.  Despite this

8    knowledge, they purposefully took steps to have Plaintiff arrested without

9    justification and made false statements to the District Attorney's Office, causing

10   prosecutors to initiate and then reinitiate malicious criminal proceedings against

11   Plaintiff.  Defendant Mossbrooks also lied to prosecutors when he informed them

12   that Plaintiff intimidated prosecution witnesses at the August 2014 preliminary

13   hearing.  He made these false statements and other false statements (e.g that

14   Plaintiff had stolen medications from the VALB pharmacy) solely to ensure

15   Plaintiff would be falsely arrested, prosecuted, and suffer unnecessary

16   imprisonment.  After the terrorist threat charges of April 2014 were dismissed, as

17   Plaintiff walked by the room where additional prosecutorial witnesses were seated,

18   Defendant Mossbrooks ran aafter Plaintiff and told him, "Don't stare at my

19   witnesses. This isn't over. I'm gonna fuckin' get you."

20        38.    The District Attorney's Office never charged Plaintiff with witness

21   intimidation, but Plaintiff was nevertheless forced to post a $100,000.00 bond for

22   the charge.  In May 2015, the renewed "terrorist threat" charge was dropped with

23   prejudice in the interests of justice without the case ever being presented to another

24   preliminary hearing.

25

26                     **FIRST CLAIM FOR RELIEF**

27                 **(VIOLATIONS OF THE PRIVACY ACT)**

28                        **(Against Defendant VA)**

---

12

39.     Plaintiff incorporates paragraphs 1 to 38 herein as though set forth in full.

40.     This claim is against Defendant VA for violation of the Privacy Act, as amended, 5 U.S.C.A. § 552a ("Privacy Act").

41.     All of Plaintiff's confidential medical records, including the information contained in them and any derivative information, are maintained in Privacy Act systems of records maintained by the VA.  The Privacy Act protects these records from unauthorized disclosure.

42.     Defendant VA, through its officials, agents, and/or employees, intentionally and/or willfully failed to properly maintain the contents of records maintained in Privacy Act systems of records, pertaining to Plaintiff, including but not limited to the Patient flags.  This was in contravention of the VA's own regulations and internal policies and in violation of federal regulations and the Privacy Act.

43.     Defendant VA, and its officials, agents and/or employees, made no effort to assure the accuracy, completeness, timeliness or relevance of the aforementioned records about Plaintiff in violation of the Privacy Act.  In fact, VA officials in San Antonio, Texas, knew the 2010 flag was based on erroneous information and assured Plaintiff that his records would be corrected.  Instead, the 2010 flag was improperly maintained without Plaintiff's knowledge in violation of the Privacy Act.  The flag was maintained past 2012 in violation of the VA's own policy.

44.     Defendant VA's violations of the Privacy Act with respect to Plaintiff's confidential medical records are ongoing and continuing.

45.     As a direct and proximate result of these violations of the Privacy Act and Defendant VA's intentional and willful failures to amend the contents of records pertaining to Plaintiff maintained in record systems covered by the Privacy Act, harms to Plaintiff have occurred.  Such failures by Defendant VA constitute a

SECOND AMENDED COMPLAINT FOR DAMAGES

1   violation of Plaintiff's rights under the Privacy Act, and are the direct and

2   proximate cause of the damages Plaintiff suffered starting in April 2014, as

3   described herein.

4          46.    As a direct and proximate cause of each of the above-referenced

5   intentional and willful violations of the Privacy Act of 1974 by Defendant VA,

6   Plaintiff has suffered an "adverse effect," as defined in 5 U.S.C.A., §

7   552a(g)(1)(D), including but not limited to direct and indirect injury to Plaintiff's

8   reputation, embarrassment, humiliation, anxiety, physical upset, emotional upset,

9   mental anguish, physical pain and suffering, damage to his career and professional

10  reputation, out-of-pocket pecuniary losses, inconvenience and unfairness, and fear

11  of further violations of Plaintiff's privacy rights by the VA.

12         47.    As a direct and proximate cause of each of the above-referenced

13  intentional and willful violations of the Privacy Act by defendant VA, Plaintiff has

14  suffered damages including, but not limited to, actual pecuniary damages and

15  actual non-pecuniary damages in the form of direct and indirect injury to Plaintiff's

16  reputation, embarrassment, humiliation, anxiety, physical upset, emotional upset,

17  mental anguish, physical pain and suffering, and damage to his career and

18  professional reputation. Plaintiff's damages are ongoing and continuing.

19

20

21

22

23

24

25              **SECOND CLAIM FOR RELIEF**

26       **(FOURTH AMENDMENT VIOLATION: FALSE ARREST)**

27          **(Against Defendants Joy, Mossbrooks and Dea)**

28

SECOND AMENDED COMPLAINT FOR DAMAGES

1    48.    Plaintiff incorporates paragraphs 1 to 47 herein as though set forth in

2    full.

3    49.    This claim against Defendants Dea, Mossbrooks and Joy for false

4    arrest in violation of Plaintiffs' Fourth Amendment rights is brought pursuant to

5    *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403

6    U.S. 388 (1971).

7    50.    At all times herein mentioned, Defendants Mossbrooks and Joy, as

8    agents acting under the color of federal law, were obligated to comply with the

9    Fourth Amendment to the United States Constitution, including freedom from

10   unreasonable search and seizure and false arrest.

11   51.    Defendants Dea, Joy and Mossbrooks knew that Plaintiff had not

12   uttered "terrorist" threats or any threats.  At most, Plaintiff expressed criticism of

13   the rude treatment he received from other personnel in the Pharmacy at the VALB.

14   Despite knowing Plaintiff had committed no crime, these defendants conspired to

15   present false charges to prosecutors in order to obtain an arrest warrant and file

16   false criminal charges against Plaintiff.

17   52.    Defendants Dea, Mossbrooks, and Joy acted as complaining witnesses

18   in the warrant issuance process and, through acts or omissions, caused a warrant to

19   be issued for Plaintiff's arrest in April 2014 despite a lack of probable cause.  Their

20   actions led to Plaintiff's false arrest in April 2014 and rearrest in August 2014.

21   53.    Again, in August, 2014, Defendants Dea, Mossbrooks, and Joy, acting

22   as complaining witnesses, caused a warrant to be issued for Plaintiff's arrest by,

23   inter alia, fabricating witness intimidation charges.  Police officers arrested

24   Plaintiff the next week on allegations of witness intimidation and making a terrorist

25   threat.  Again, there was no basis upon which the Defendants could have

26   reasonably believed Plaintiff had committed the crimes with which he was

27   charged.

28

SECOND AMENDED COMPLAINT FOR DAMAGES

54. Plaintiff experienced extreme mental distress when police officers denied him his critical psychiatric medications, and was twice embarrassed when police officers arrested him without probable cause and publicly transported him to jail.  Plaintiff suffered financially in having to post bail twice after being arrested and detained without probable cause.  Plaintiff suffered physically when police officers used excessive force to throw him to the floor during his first arrest, and when those officers denied him medical care during each false arrest.  Plaintiff is thus entitled to compensatory and punitive damages in accordance with proof at trial.

## THIRD CLAIM FOR RELIEF

### (FOURTH AMENDMENT VIOLATION: UNREASONABLE AND EXCESSIVE USE OF FORCE)

#### (Against Defendants Joy and Mossbrooks)

55. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 54 herein as though set forth fully herein.

56. This claim is against Defendants Mossbrooks and Joy for unlawful detention in violation of Plaintiffs' Fourth Amendment right to freedom from unreasonable search and seizure, which includes the right to be free from unreasonable and excessive force during search and seizure.

57. Defendants Mossbrooks and Joy were, at all times referenced herein, acting under the color of federal law.

58. Officers arrived at Plaintiffs house on April 11, 2014 and announced themselves through the door.  Plaintiff responded that he needed to put on pants and would then exit peacefully.  At that point, Defendant Mossbrooks threatened to shoot Plaintiff.

59. Defendants Mossbrooks and Joy knew from their search and interrogation the previous day, and from Plaintiff's VA files, that Plaintiff had no

SECOND AMENDED COMPLAINT FOR DAMAGES

1   guns, suffered from mental and physical disabilities, and was not a threat to the

2   safety of Defendants or others.

3       60.   When Plaintiff opened the door to his home, Defendant Mossbrooks

4   rushed in and pushed Plaintiff to the floor, harshly twisting his arms back behind

5   his back.  Despite being able, other officers did nothing to prevent Defendant

6   Mossbrooks from using excessive force against Plaintiff.

7       61.   As a direct proximate result of Defendants' use of excessive force,

8   Plaintiff suffered physical and emotional injuries entitling Plaintiff to

9   compensatory and punitive damages in accordance with proof at trial.

10

11                        **FOURTH CLAIM FOR RELIEF**

12          **(VIOLATION OF FOURTH AND FIFTH AMENDMENT RIGHTS:**

13                        **MALICIOUS PROSECUTION)**

14              **(Against Defendants Joy, Mossbrooks and Dea)**

15       62.   Plaintiff incorporates by reference each and every allegation contained

16   in paragraphs 1 through 61 as if set forth fully herein.

17       63.   This claim is against Defendants Mossbrooks and Joy for malicious

18   prosecution and abuse of authority in violation of Plaintiff's Fourth and Fifth

19   Amendment rights.

20       64.   Defendants Dea, Mossbrooks, and Joy acted as complaining witnesses

21   in order to obtain an arrest warrant from the Los Angeles Superior Court and

22   convince the Los Angeles District Attorney's Office to prosecute Plaintiff for

23   felony "terrorist" threats, despite knowing Plaintiff had made no such threats.

24   Assistant District Attorney Vance Davis charged Plaintiff with making "terrorist"

25   threats and later with witness intimidation.  Mr. Davis initiated this prosecution

26   based entirely on the false statements these Defendants made.   Defendants made

27   these statements and initiated the prosecution maliciously in order to cause

28   Plaintiff harm and to retaliate against him for exercising his First Amendment right

SECOND AMENDED COMPLAINT FOR DAMAGES

1  to criticize the VA and its employees concerning the way they treat veterans.  For

2  example, Defendant Mossbrooks, accosted the Plaintiff and threatened, "Don't

3  stare at my witnesses. This ain't over. I'm gonna fuckin get you."

4      65.    Judge Jean dismissed all charges against Plaintiff with prejudice in

5  May 2015.  The District Attorney's office never pursued the witness intimidation

6  charges, and Plaintiff has received a favorable termination of all other charges

7  against him.

8      66.    No probable cause existed for either the "terrorist" threat or witness

9  intimidation charges, a fact Defendants knew from the beginning.  Moreover, on

10  August 21, 2014, Judge Jean ruled the charges had no merit.  Defendants knew

11  these charges were refilled maliciously and were intended to "get" Plaintiff, as

12  Defendant Mossbrooks promised, with no legitimate basis for doing so.

13      67.    As a direct, proximate result of Defendants' acts and omissions,

14  Plaintiff has suffered physical, emotional and financial injuries, entitling Plaintiff

15  to compensatory and punitive damages in accordance with proof at trial.

16      68.    Plaintiff suffered harm in the form of economic hardship when he was

17  forced to pay excessive bail and legal fees due to the additional witness

18  intimidation allegation.  He also suffered physical hardship as he was denied

19  medical care again while wrongly incarcerated.

20

21

22

23

24

25              **FIFTH CLAIM FOR RELIEF**

26      **(ABUSE OF PROCESS IN VIOLATION OF FOURTH AND**

27                  **FIFTH AMENDMENTS)**

28          **(Against Defendants Joy, Mossbrooks and Dea)**

18
SECOND AMENDED COMPLAINT FOR DAMAGES

69.   Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 68 as if set forth fully herein.

70.   Defendants Mossbrooks and Joy misused their authority for the purpose of causing Plaintiff misery and emotional distress.  Initially, these Defendants did so by interrogating Plaintiff in an intimidating and demeaning way intended to cause him humiliation and intense emotional distress.  These Defendants then abused the first arrest warrant by enforcing it in a manner designed to cause Plaintiff the maximum degree of physical and emotional distress.

71.   After Judge Jean, at Plaintiff's August 21, 2014 preliminary hearing, found Plaintiff to have committed no crime, Defendants Mossbrooks and Joy compounded their abuse of process by causing "terrorist threat" charges to be refiled without cause.  They did this the next day, without cause, even though Judge Jean had found that Plaintiff had not committed any criminal act in his call to Ms. Dea.  Moreover, although they obtained an arrest warrant on April 22, 2014, these Defendants intentionally waited to arrest Plaintiff until Thursday afternoon August 28, 2014, right before the Labor Day weekend, so that Plaintiff would spend more time in custody.  Indeed, Defendants held Plaintiff at the VALB until after normal business hours on August 28, 2014, to ensure Plaintiff would have to endure imprisonment over the weekend, up to six days.  Moreover, as part of this scheme to punish Plaintiff, these Defendants manufactured a false witness intimidation charge so that Plaintiff's bail would be set at an amount that prevented him from obtaining bail over the weekend.

72.   These abuses of Defendants' official authority amount to abuse of process in violation of the Fourth and Fifth Amendments.

73.   As a direct proximate result of Defendants' acts and omissions, Plaintiff has suffered physical, emotional, and financial injuries entitling Plaintiff to compensatory and punitive damages in accordance with proof at trial.

SECOND AMENDED COMPLAINT FOR DAMAGES

74.     Plaintiff suffered harm in the form of economic hardship when he was forced to pay excessive bail due to the additional witness intimidation allegation. He also suffered physical hardship, as he was again denied medical care while wrongly incarcerated.

## SIXTH CLAIM FOR RELIEF
### (VIOLATIONS OF THE REHABILITATION ACT OF 1973)
#### (Against Defendant David Shulkin)

75.     Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 74 as if set forth fully herein.

76.     Plaintiff brings this claim against Defendant David Shulkin in his official capacity as Secretary of Veterans Affairs pursuant to 29 U.S.C. § 701.

77.     At all relevant times, Plaintiff was a qualified individual with a disability under the Rehabilitation Act. See 29 U.S.C. § 705(20).  The Department of Veterans' Affairs rates Plaintiff's service connected disability at 100 percent due to severe, chronic PTSD.  A 100 percent rating for a mental disorder requires complete occupational and social impairment.  38 C.F.R. § 4.130.  Plaintiff also suffers from other service connected disabilities, including diseases caused by VA's failure to treat Plaintiff's PTSD for more than thirty years.

78.     The VA is a federal agency and thus covered by Section 504.  See 28 C.F.R. § 42.540.  Under Section 504, the VA must reasonably accommodate persons with disabilities in their program activities and services, and reasonably modify those programs and services to accomplish this purpose.

79.     The Rehabilitation Act brings within its scope "anything a public entity does."  28 C.F.R. §35.102.  The VA's provision of medical care, as well as its investigation and arrest of Plaintiff, constitute programs and services for purposes of Section 504.

SECOND AMENDED COMPLAINT FOR DAMAGES

80.     Plaintiff was denied the benefit of medical care solely because of his disability, within the meaning of the Rehabilitation Act.  In addition, he was denied access to his long-time primary care doctor, Dr.  Merchant, at the VALB because of the discriminatory actions and failure to accommodate described throughout this complaint.

81.     At all times relevant here, Plaintiff's mental illness was well known to the VA and its officials and employees.  Specifically, Defendants knew that Plaintiff suffers from debilitating PTSD and other related physical disabilities.

82.     The VA discriminated against Plaintiff by failing to reasonably accommodate his mental illness.  Specifically, Defendants Mossbrooks and Joy used threats, accusations, intimidation, and false statements during their investigation and arrest of Plaintiff.  In doing so, Defendants Mossbrooks and Joy acted with deliberate disregard for Plaintiff's severe PTSD by knowingly, willfully, and/or recklessly using investigative techniques that aggravate the symptoms of PTSD.

83.     Because there were no exigent circumstances, Defendants Mossbrooks and Joy could and should have reasonably accommodated Plaintiff by using investigative techniques that would not aggravate the symptoms of PTSD.  For example, abstaining from using threats of violence or intimidation would have accommodated Plaintiff's disabilities.

84.     Defendants Mossbrooks and Joy's failure to take Plaintiff's severe PTSD into account or employ proper police practices for investigating a person with a mental illness constitutes intentional discrimination and deliberate indifference for which Defendant David Shulkin, in his official capacity as Secretary of the VA, is vicariously liable under the Rehabilitation Act.

85.     Such accommodation of the Plaintiff's disability would not constitute an undue burden requiring "a fundamental alteration in the nature of a service,

1   program, or activity or in undue financial or administrative burdens." See 28

2   C.F.R. § 35.150(a)(3).

3        86.    The VA had a duty to make reasonable accommodations to its

4   investigation, arrest, and use of force procedures when confronting a person with a

5   disability, such as Plaintiff, including, inter alia, providing specialized training to

6   VA police officers for investigating persons that are mentally disabled.

7        87.    The VA failed to train, supervise, and/or discipline its police officers,

8   and/or DOES 1-10, regarding the appropriate investigation and arrest procedures

9   for confronting a person with a severe mental illness.  The VA provides medical

10  care for veterans, many of whom are mentally or physically disabled.  The VA's

11  police officers work exclusively in a health care environment, and its failure to

12  train, supervise, or discipline its police officers regarding interacting with persons

13  suffering from mental illness constitutes deliberate indifference.

14       88.    As a direct and proximate result of the VA's unlawful conduct,

15  Plaintiff suffered, and continues to suffer, an extreme increase in anxiety, mental

16  anguish, emotional distress, and aggravation of his PTSD.

17       89.    Plaintiffs are entitled to recover reasonable attorneys' fees under 29

18  U.S.C. § 794a.

19

20                    **SEVENTH CLAIM FOR RELIEF**

21         **(VIOLATION OF CALIFORNIA CIVIL CODE §52.1)**

22            **(FTCA Against Defendant UNITED STATES)**

23       90. Plaintiff incorporates by reference each and every allegation contained in

24  paragraphs 1 through 90 as if set forth fully herein.

25       91. California Civil Code §52.1 provides a cause of action against any

26  person who "interferes by threats, intimidation, or coercion, or attempts to interfere

27  by threats, intimidation, or coercion, with the exercise or enjoyment by any

28

SECOND AMENDED COMPLAINT FOR DAMAGES

1  individual . . . of rights secured by the Constitution or laws of the United States, or

2  of the rights secured by the Constitution or laws of the state. . .”

3    92. Defendants Mossbrooks and Joy violated Civil Code §52.1 in

4  committing the actions against Plaintiff alleged in this Amended Complaint,

5  including, but not limited to, the circumstances surrounding their interrogation and

6  arrest of Plaintiff.

7    93. As a direct and proximate cause of the aforementioned acts and

8  omissions by Defendants Mossbrooks and Joy, and other agents or employees of

9  the United States, Plaintiff is entitled to statutory damages under California Civil

10  Code §52 and to compensatory damages in accordance with proof at trial.

11    94. Defendant United States and its managers, officers, and/or directors

12  authorized or ratified the wrongful conduct of their employees and agents.

13  Defendant United States engaged in the acts alleged herein and/or condoned,

14  permitted, authorized, and/or ratified the conduct of its employees and agents and

15  are vicariously liable for the wrongful conduct of its employees and agents for this

16  cause of action.

17

18    **EIGHTH CLAIM FOR RELIEF**

19    **(FTCA: INTENTIONAL INFICTION OF EMOTIONAL DISTRESS)**

20    **(Against Defendant UNITED STATES)**

21    95. Plaintiff incorporates by reference each and every allegation contained in

22  paragraphs 1 through 95 as if set forth fully herein.

23    96. In acting as alleged in this Amended Complaint Defendants Mossbrooks,

24  Joy and Dea, and other as yet unknown defendants, while acting within the course

25  and scope of their employment, intentionally acted in an outrageous manner

26  designed to cause, and causing, severe emotional distress to Plaintiff.  These acts

27  included physical and psychological threats, insults and conduct intended to

28  humiliate Plaintiff even though these Defendants and others at the VA knew that

1   Plaintiff suffered, among other things, from severe PTSD as a result of his military

2   service.

3       97. The United States engaged in these acts or omissions and/or condoned,

4   permitted, authorized, and/or ratified the conduct of its employees or agents as

5   alleged in this Amended Complaint.

6       98. As a result of the aforementioned acts or omissions, Plaintiff suffered

7   and continues to suffer severe emotional distress and the exacerbation of his pre-

8   existing PTSD symptoms.  Plaintiff is entitled to compensatory damages for all of

9   the harms caused by Defendants' actions.

10

11   **NINTH CLAIM FOR RELIEF**

12   **(FTCA: NEGLIGENCE)**

13   **(Against Defendant UNITED STATES)**

14       99.  Plaintiff incorporates by reference each and every allegation contained

15   in paragraphs 1 through 99 as if set forth fully herein.

16       100.  The agents and employees of the United States involved in the actions

17   alleged against Plaintiff owed Plaintiff a duty of care with respect to their actions

18   toward him in his interactions with the VA.   As alleged in this Amended

19   Complaint, the Defendants, and other as yet unknown agents and employees of the

20   United States, breached their duty of care by the actions and omissions alleged in

21   this Amended Complaint, including, but not limited, to initiating law enforcement

22   action against Plaintiff based on an erroneous statement in his medical and other

23   records relating to an incident in Texas.   This erroneous statement should never

24   have been used as a basis for law enforcement action and should have been

25   removed from Plaintiff's file in accordance with the VA's own internal policies

26   and procedures designed to prevent the kind of problems Defendants caused in this

27   case.

28

SECOND AMENDED COMPLAINT FOR DAMAGES

1    101. The United States engaged in these acts or omissions and/or condoned,

2  permitted, authorized, and/or ratified the conduct of its employees or agents as

3  alleged in this Amended Complaint.

4    102. As a result of the aforementioned acts or omissions, Plaintiff suffered

5  and continues to suffer severe emotional distress and the exacerbation of his pre-

6  existing PTSD symptoms.  Plaintiff is entitled to compensatory damages for all of

7  the harms caused by Defendants' actions.

8

9

10               **TENTH CLAIM FOR RELIEF**

11              **(FTCA: ASSAULT AND BATTERY)**

12             **(Against Defendant UNITED STATES)**

13

14    103. Plaintiff incorporates by reference each and every allegation contained

15  in paragraphs 1 through 104 as if set forth fully herein.

16    104. This count is based on the actions of Defendants Mossbrooks and Joy

17  as alleged above.   Each of these Defendants, acting in the course and scope of

18  their employment, committed acts which were intended to and resulted in

19  Plaintiff's imminent apprehension of and harmful or offensive contact with

20  Plaintiff to which Plaintiff did not consent.   Defendants Mossbrooks and Joy made

21  numerous threats of violence and other threats against Plaintiff in circumstances in

22  which Plaintiff reasonably thought the threats would be carried out.   These

23  Defendants also touched Plaintiff without his consent without a law enforcement

24  justification for doing so, thus committing the tort of battery.

25    105.  The United States engaged in these acts or omissions and/or condoned,

26  permitted, authorized, and/or ratified the conduct of its employees or agents as

27  alleged in this Amended Complaint.

28

SECOND AMENDED COMPLAINT FOR DAMAGES

1    106. As a result of the aforementioned acts or omissions, Plaintiff suffered

2    and continues to suffer severe emotional distress and the exacerbation of his pre-

3    existing PTSD symptoms.  Plaintiff is entitled to compensatory damages for all of

4    the harms caused by Defendants' actions.

5

6

7                    **ELEVENTH CLAIM FOR RELIEF**

8              **(FTCA: FALSE ARREST AND IMPRISONMENT)**

9                  **(Against Defendant UNITED STATES)**

10    107. Plaintiff incorporates by reference each and every allegation contained

11    in paragraphs 1 through 108 as if set forth fully herein.

12    108. This count is based on the actions of Defendants Dea, Mossbrooks and

13    Joy as alleged above.  These defendants arrested or caused Plaintiff to be arrested

14    knowing that he had not committed any crime in April 2014 and again in August

15    2014.   Defendants acted with malice in causing Plaintiff's arrests and detentions.

16    In particular,  Defendants Mossbrooks and Joy  rearrested and caused Plaintiff's

17    false imprisonment in August 2014 when they arrested Plaintiff after a Los

18    Angeles Superior Court Judge had ruled that there was no evidence that Plaintiff

19    had committed a criminal act in his conversations with Defendant Dea.   In

20    rearresting PlaintIff and causing his detention Defendants Mossbrooks and Joy

21    acted with malice and without probable cause for the purpose of causing Plaintiff

22    humiliation, anxiety and other harms.   On information and belief, these

23    Defendants made material misstatements or omissions of fact to secure Plaintiff's

24    rearrest in August 2014.

25    109.  The United States engaged in these acts or omissions and/or condoned,

26    permitted, authorized, and/or ratified the conduct of its employees or agents as

27    alleged in this Amended Complaint.

28

SECOND AMENDED COMPLAINT FOR DAMAGES

1   110. As a result of the aforementioned acts or omissions, Plaintiff suffered

2   and continues to suffer severe emotional distress and the exacerbation of his pre-

3   existing PTSD symptoms.  Plaintiff is entitled to compensatory damages for all of

4   the harms caused by Defendants' actions.

5

6

7   **TWELFTH CLAIM FOR RELIEF**

8   **(FTCA: MALICIOUS PROSECUTION AND ABUSE OF PROCESS)**

9   **(Against Defendant UNITED STATES)**

10   111. Plaintiff incorporates by reference each and every allegation contained

11   in paragraphs 1 through 112 as if set forth fully herein.

12   112. This count is based on the actions of Defendants Dea, Mossbrooks and

13   Joy as alleged above, acting within the scope of their employment.  Defendants

14   Dea, Mossbrooks and Joy acted as complaining witnesses to have Plaintiff arrested

15   and detained without justification in April and August 2014.  The allegations made

16   by these Defendants, acting with others as yet unknown, were made with malice

17   and without a basis in fact.  These Defendants acted with the specific intent to have

18   Plaintiff arrested and charged with "terrorist threats" and in August 2014 the

19   additional charge of witness intimidation without any basis in fact.  Defendants

20   acted for the purpose of causing Plaintiff extreme emotional distress and other

21   harms because he complained about the shoddy treatment he received at the VA.

22   113.  There was no probable cause for Plaintiff's arrest or prosecution and

23   Defendants made material misstatements and omissions of fact in order to obtain

24   Plaintiff's arrest, detention and prosecution.

25   114.  The Defendants knew there was no probable cause to arrest, detain or

26   prosecute Plaintiff.  They acted with malice toward Plaintiff in order to "get" him,

27   as Defendant Mossbrooks threatened when Plaintiff left the courtroom after the

28

27

SECOND AMENDED COMPLAINT FOR DAMAGES

1  August 2014 preliminary hearing in which it was found that he had committed no

2  crime.

3       115.  There was a favorable determination of all of the charges made against

4  Plaintiff.

5       116.  The United States engaged in these acts or omissions and/or condoned,

6  permitted, authorized, and/or ratified the conduct of its employees or agents as

7  alleged in this Amended Complaint.

8       117. As a result of the aforementioned acts or omissions, Plaintiff suffered

9  and continues to suffer severe emotional distress and the exacerbation of his pre-

10  existing PTSD symptoms.  Plaintiff is entitled to compensatory damages for all of

11  the harms caused by Defendants' actions.

12

13                   **TWELFTH CLAIM FOR RELIEF**

14      **(FTCA: NEGLIGENT HIRING, SUPERVISION AND RETENTION)**

15               **(Against Defendant UNITED STATES)**

16       118. Plaintiff incorporates by reference each and every allegation contained

17  in paragraphs 1 through 119 as if set forth fully herein.

18       119.  VA administrators, managers and other employees involved in the

19  hiring, supervision and retention of Defendants Mossbrooks and Joy, and acting

20  within the scope of their employment, knew or should have known that these

21  Defendants were unqualified to perform law enforcement functions for the VA and

22  that placing them and keeping them in such positions of trust and power would

23  inevitably lead them to abuse the rights of persons such as Plaintiff.  In hiring and

24  retaining these Defendants these officials or employees violated a duty of care

25  owed to persons in Plaintiffs position.  In particular, the VA personnel responsible

26  for hiring Defendant Mossbrooks should have known that he had a history of

27  abusing the rights of persons in prior law enforcement positions and had failed to

28  abide by constraints on his authority in those prior positions.

28

SECOND AMENDED COMPLAINT FOR DAMAGES

1    120.   After hiring Defendants Mossbrooks and Joy VA administrators,

2    managers and other employees failed to use reasonable care in in supervising the

3    actions of Defendants Mossbrooks and Joy.   In doing so these officials and

4    employees breached a duty owed to persons in Plaintiff's position.   Similarly, VA

5    officials and employees breached their duty of care by retaining Defendants

6    Mossbrooks and Joy after they knew or should have known that they were

7    violating the rights of persons, like Plaintiff, the VA was duty bound to care for.

8         121.  The United States engaged in these acts or omissions and/or condoned,

9    permitted, authorized, and/or ratified the conduct of its employees or agents as

10   alleged in this Amended Complaint.

11        122.  As a result of the aforementioned acts or omissions, Plaintiff suffered

12   and continues to suffer severe emotional distress and the exacerbation of his pre-

13   existing PTSD symptoms.  Plaintiff is entitled to compensatory damages for all of

14   the harms caused by Defendants' actions.

15

16                           **PRAYER FOR RELIEF**

17        WHEREFORE, Plaintiff respectfully requests relief as follows:

18        A.    Damages, subject to proof and in an amount to be determined at trial,

19   for violating Plaintiff's rights under the Privacy Act, including, but not limited to,

20   actual and out-of-pocket damages, including, but not limited to compensatory

21   damages for, *inter alia*, harm to reputation, embarrassment and humiliation, and

22   damage to Plaintiff's career;

23        B.    Damages in an amount not less than $1,000 for each and every

24   violation of the Privacy Act;

25        C.    On the constitutional claims for relief, the award of general and

26   compensatory damages against all Defendants, jointly and severally, in an amount

27   according to proof at trial;

28

SECOND AMENDED COMPLAINT FOR DAMAGES

1      D.     The award of punitive and exemplary damages against all individual

2  Defendants sued in their individual capacities in an amount to be proven at trial;

3      E.     The award of statutory and compensatory damages under the FTCA

4  for the claims asserted against the United States.

5      F.     The award of any and all other damages allowed by law according to

6  proof to be determined at time of trial in this matter;

7      G.     Injunctive and declaratory relief against Defendant Shulkin adequate to

8  ensure that the VA's policies and practices and the safeguards of the U.S.

9  Constitution are followed at the VALB.

10     H.     The award of costs of suit and reasonable attorneys' fees pursuant to

11 the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(a); the Rehabilitation Act

12 of 1973, 29 U.S.C. § 794a; the Privacy Act of 1974, 5 U.S.C. § 552a, and

13 California Civil Code §52.1.

14     I.     The award of such other relief as the court deems just and proper.

15

16 Dated: March 8, 2017

17                         SCHONBRUN  SEPLOW
                           HARRIS & HOFFMAN, LLP
18

19
                      By: s/ Catherine Sweetser
20                        Paul Hoffman
                          Catherine Sweetser
21                        Attorneys for Plaintiff
                          Nolan Lewis
22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT FOR DAMAGES

1

**DEMAND FOR JURY TRIAL**

2    Plaintiffs hereby respectfully demand that a trial by jury be conducted with respect

3    to all issues presented herein.

4

5    Dated: March 8, 2017                    SCHONBRUN  SEPLOW
                                             HARRIS & HOFFMAN, LLP
6

7
                                      By: s/ Catherine Sweetser
8                                         Paul Hoffman
                                          Catherine Sweetser
9                                         Attorneys for Plaintiff
                                          Nolan Lewis
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT FOR DAMAGES